IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40777-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JORI LYNN NEWTSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Jori Newtson appeals her conviction for unlawful possession of a firearm in the first degree. She contends it is ambiguous whether the conviction prohibiting her from possessing firearms is a violent or nonviolent offense. Thus, Ms. Newtson argues that, under the rule of lenity, we should remand for the trial court to resentence her on the crime of unlawful possession in the second degree. We decline to review Ms. Newtson's unpreserved claimed error.

BACKGROUND

Bears were commonly seen roaming Ms. Newtson's neighborhood in Colville, Washington. Bears frequently entered Ms. Newtson's property and caused damage between 2020 and June 2022. Seth McCracken, Ms. Newtson's significant other, owned

a .12-gauge shotgun that he stored over their bed. The shotgun was used by Ms.

Newtson's family to scare off bears and cougars.

On June 21, 2022, Ms. Newtson noticed a bear approaching her house. She

grabbed Mr. McCracken's shotgun and fired one shot at the bear. After hearing a

gunshot, Ms. Newtson's neighbor complained to the Washington Department of Fish and

Wildlife (WDFW) that Ms. Newtson shot at a bear. Ms. Newtson admitted to a WDFW

sergeant that she had fired one shot at the bear in defense of herself and her children.

The State charged Ms. Newtson with unlawful possession of a firearm in the first

degree as she was prohibited from possessing a firearm based on an Idaho burglary

conviction. Ms. Newtson raised the defense of necessity at trial. Because Ms. Newtson

was not contesting the fact that she possessed the firearm out of necessity, she signed an

*Old Chief*[1] stipulation on the morning of trial, stating,

> I, JORI NEWTSON, understand that I have the right to have a jury
> determine, beyond a reasonable doubt, whether the State has established
> that I have a prior conviction for Burglary in the Sixth Judicial District of
> the State of Idaho on April 9th 2009, case CR-2008-1739 which qualifies as
> a serious offense specifically listed in RCW 9.41.010. After consulting
> with counsel, I wish to waive the right and agree to the stipulation filed
> separately and admitted as an exhibit at trial.

Clerk's Papers (CP) at 66. In adherence to the stipulation, the jury was instructed:

> The parties have agreed that certain facts are true. You must accept as true
> and proven beyond a reasonable doubt that the person before the court, who

---

[1] *Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574
(1997).

has been identified in the charging document as Jori Newtson, was convicted on April 9, 2009, of Burglary which qualifies as a serious offense specifically listed in RCW 9.41.010 in the case of The State of Idaho vs. Jori Lynn Newtson, Case No. CR-2008-173.

CP at 74. The jury ultimately found Ms. Newtson guilty of unlawful possession of a firearm in the first degree.

Ms. Newtson appeals to this court.

ANALYSIS

Ms. Newtson argues a question exists as to whether her Idaho burglary conviction is a violent or nonviolent offense. Thus, citing the rule of lenity, Ms. Newtson requests we remand for the trial court to resentence her on the lesser included offense of unlawful possession of a firearm in the second degree. Under RAP 2.5(a), we decline review of Ms. Newtson's unpreserved claimed error.

RAP 2.5(a) allows this court to "refuse to review any claim of error which was not raised in the trial court," subject to a few exceptions. *See* RAP 2.5(a)(1)-(3). The rule reflects a two-fold policy of (1) encouraging the efficient use of judicial resources and (2) refusing to condone a party's failure to point out an error that the trial court, if given the opportunity, might have been able to correct to avoid an appeal. *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988); *Smith v. Shannon*, 100 Wn.2d 26, 37, 666 P.2d 351 (1983).

Here, Ms. Newtson does not argue the claimed error falls under one of the exceptions found in RAP 2.5(a)(1)-(3) nor does she even cite RAP 2.5 in her opening

brief. Rather, Ms. Newtson acknowledges that "[she] stipulated that her Idaho burglary conviction constituted a serious offense" but "now believes that she should not have signed the *Old Chief* stipulation." Br. of Appellant at 5. Her remorse is not an exception to RAP 2.5(a)'s general prohibition against our review of errors raised for the first time on appeal.

Because Ms. Newtson failed to raise the issue on appeal before the trial court, we decline review of Ms. Newtson's claimed error.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, A.C.J.

WE CONCUR:

_____
Murphy, J.

_____
Hill, J.